# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  March 2, 2026

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
CRISTINA FRANK,                         *
                                        *
            Petitioner,                 *        No. 23-178V
                                        *
v.                                      *        Special Master Gowen
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
            Respondent.                 *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

*Laura Levenberg*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Sarah Black Rifkin*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 25, 2025, Cristina Frank, ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 61). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$59,790.98.**

### I.    Procedural History

On February 8, 2023, Petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving an influenza ("flu") vaccine in her right shoulder on November 19, 2020, she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"). *Id*. On October 24, 2025, Respondent filed a proffer, which I adopted as my decision awarding compensation on the same day. (ECF No. 57).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On November 25, 2025, petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation in the total amount of $59,790.98, representing $55,500.80 in attorneys' fees and $4,290.18 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of her claim. *Id*. at 2. Respondent reacted to the fees motion on November 26, 2025, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 62). Petitioner did not file a response.

The matter is now ripe for adjudication.

## II.    Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.  Attorneys' Fees

Petitioner requests the following hourly rates for the work of his counsel at Muller Brazil: for Ms. Laura Levenberg: $275.00 per hour for work performed in 2021, $350.00 per hour for work performed in 2022, $375.00 per hour for work performed in 2023, $400.00 per hour for work performed in 2024, and $425.00 per hour for work performed in 2025; and for Ms. Leigh Finfer, $275.00 per hour for work performed in 2023. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $55,500.80.

### b.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $4,290.18. This amount is comprised of acquiring medical

records, a records retrieval service, and the Court's filing fee. Fees App. Ex. B. Petitioner has provided adequate documentation supporting all of his requested costs and all expenses appear to be reasonable and necessary for the presentation of the case. Petitioner is therefore awarded the full amount of costs sought.

### III.    Conclusion

In accordance with the foregoing, I hereby **GRANT** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $55,500.80 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$55,500.80** |
| | |
| Attorneys' Costs Requested | $4,290.18 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$4,290.18** |
| | |
| **Total Attorneys' Fees and Costs** | **$59,790.98** |

**Accordingly, I award a lump sum in the amount of $59,790.98 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).